## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JOE ADAM RAMIREZ #636417** | § | |
| | § | |
| **V.** | § | **A-10-CA-663-LY** |
| | § | |
| **RISSIE OWENS** | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **PAUL MICHAEL CHAPA #1557144** | § | |
| | § | |
| **V.** | § | **A-10-CA-679-LY** |
| | § | |
| **RISSIE OWENS** | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **LLOYD O McKINLEY #1438747** | § | |
| | § | |
| **V.** | § | **A-10-CA-681-LY** |
| | § | |
| **RISSIE OWENS** | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **PATRICK ZAMORA #1544298** | § | |
| | § | |
| **V.** | § | **A-10-CA-683-LY** |
| | § | |
| **RISSIE OWENS** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiffs' complaints and more definite statements.  Plaintiffs are proceeding pro se.

STATEMENT OF THE CASE

At the time they filed their joint complaint pursuant to 42 U.S.C. § 1983, Plaintiffs were confined in administrative segregation at the Jim Ferguson Unit of the Texas Department of Criminal Justice - Correctional Institutions Division.  The Court severed the plaintiffs' complaint and directed the Clerk of Court to open a new case for each plaintiff to allow the plaintiffs the opportunity to comply with the filing fee requirements of the Prison Litigation Reform Act.  Plaintiffs Chapa, McKinley and Zamora have been granted leave to proceed in forma pauperis.  Plaintiff Ramirez has paid the full filing fee for his lawsuit.

According to Plaintiffs, the Parole Board promulgated and implemented a policy in 2001 that failed to detect when a deviation of the parole guidelines occurred in violation of Section 508.144 of the Texas Government Code.  Plaintiffs claim their rights to due process and equal protection of the laws have been violated when they were improperly reviewed for parole at least once after 2001. In addition, Plaintiffs contend the Parole Board failed to perform its statutorily assigned duties with regard to Section 508.144 as amended in 2007.[1]  Plaintiffs contend Section 508.144 creates an

---

[1]In relevant part, Section 508.144 provides that:

(a) The board shall:

    (1) develop according to an acceptable research method the parole guidelines that are the basic criteria on which a parole decision is made;

    (2) base the guidelines on the seriousness of the offense and the likelihood of a favorable parole outcome;

    (3) ensure that the guidelines require consideration of an inmate's progress in any programs

2

expectation of parole.  Plaintiffs claim their parole reviews also violated the separation of powers

doctrine.  Plaintiffs name as the only defendant Rissie Owens, Chairperson of the Board of Pardons

and Paroles.  Plaintiffs seek a declaratory judgment, injunctive relief and monetary damages.

DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e)

if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief against a defendant who is immune from suit.  Even if a

plaintiff paid the full filing fee for his case, his claims must be screened pursuant to 28 U.S.C.

§ 1915A.  A dismissal for frivolousness or maliciousness may occur at any time, before or after

service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116,

1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as

liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the plaintiff's

---

in which the inmate participated during the inmate's term of confinement; and

(4) implement the guidelines.

(b) If a board member or parole commissioner deviates from the parole guidelines in voting on a
parole decision, the member or parole commissioner shall:

(1) produce a written statement describing in detail the specific circumstances regarding the
departure from the guidelines;

(2) place a copy of the statement in the file of the inmate for whom the parole decision was
made; and

(3) provide a copy of the statement to the inmate.

pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.    Eleventh Amendment Immunity

Being sued in her official capacity for monetary damages, Defendant is immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

C.    Separation of Powers

Plaintiffs argue Defendant has usurped the legislature's authority, because there is nothing in the Texas Government Code or the Texas Administrative Code granting the Parole Board the right or authority to modify or overrule any portion of the Parole Guideline Statute. They conclude the Board's practices violate the separation of powers provision.

This argument concerns actions involving state branches of government. Thus, Plaintiffs have not stated a federal constitutional violation based on the separation of powers doctrine. Sweezy v. New Hampshire, 354 U.S. 234, 255, 77 S. Ct. 1203 (1957).

D.     Due Process

Plaintiffs make various claims that their due process rights have been violated with respect to the denial of their parole.  However, the United States Constitution does not create a liberty interest in parole.  Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause.  Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995); see also Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997).  Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures.  Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds).  It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole.  See Greenholtz, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law.").  An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole.  See 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with complete discretion to grant, or to deny parole release. . . .") (emphasis added); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995)

(because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions). Regardless of when and how often inmates seek parole review, they are never kept in prison beyond their maximum sentence date. Because Plaintiffs have no liberty interest in obtaining parole in Texas, they have no claim for violation of due process in the procedures attendant to their parole decisions. Orellana, 65 F.3d at 31. Moreover, "nothing in [section 508.144] creates a liberty interest." Althouse v. Roe, 542 F. Supp.2d 543, 547 (E.D. Tex. 2008). Section 508.144 only requires that the Board create guidelines for making parole decisions and requires that, if those guidelines are deviated from, the inmate be provided with an explanation why the Board members decided the way they did. The statute's requirement that guidelines be created and that deviations from the guidelines be explained predates the decision by the Fifth Circuit in Teague v. Quarterman, 482 F.3d 769 (5th Cir. 2007), which reconfirmed (though in dicta) the discretionary nature of parole in Texas. Id. at 774. The 2007 amendments to the statute may suggest a state goal in creating a more transparent parole process, but they cannot be construed as creating a presumption in favor of parole. The changes only affect the procedure the Board is to follow after making a decision on parole, and have no substantive effect on the conditional nature of release on parole itself. Accordingly, section 508.144 does not create any entitlement on the part of a prisoner to release on parole, and therefore Plaintiffs have not alleged a valid Due Process Clause claim.

      E.    Equal Protection

Plaintiffs, who are confined in administrative segregation, also argue they are not treated the same as inmates in general population for parole purposes. The Equal Protection Clause requires that similarly situated persons be treated alike. Cleburne v. Cleburne Living Center, Inc., 473 U.S.

432, 439, 105 S. Ct. 3249 (1985).   To establish an equal protection claim, a plaintiff must demonstrate that (1) the state created two or more classifications of similarly situated prisoners that were treated differently; and (2) the classification had no rational relation to any legitimate governmental objective.  Johnson v. Rodriguez, 110 F.3d 299, 306-07 (5th Cir.1997).  Inmates with different housing classifications are not similarly situated.  Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998).  Plaintiffs do not attempt to show inmates in administrative segregation are similarly situated to inmates in general population.  Accordingly, Plaintiffs' complaints do not implicate the Equal Protection Clause.

F.    Supplemental Jurisdiction

Plaintiffs also appear to assert state law claims.  Pursuant to 28 U.S.C. § 1367, a district court generally has supplemental jurisdiction over claims that are so related to claims in the action over which it has original jurisdiction that they form part of the same case or controversy.  However, a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction.  Because the dismissal of Plaintiffs' federal claims is recommended, the District Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

RECOMMENDATION

It is therefore recommended that Plaintiffs' federal-law claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).  It is further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in

(a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ

8

- Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of March, 2011.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

9